# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

CORINNA CARLSON, parent of      *
P.C.B., a minor,      *      No. 14-623V
         Petitioner,      *      Special Master Christian J. Moran
     *
v.      *      Filed: February 19, 2016
     *
SECRETARY OF HEALTH      *      Attorneys' fees and costs; award
AND HUMAN SERVICES,      *      in the amount to which respondent
     *      has not objected
         Respondent.      *

* * * * * * * * * * * * * * * * * * * * * * * * *

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioners.
Lynn E. Ricciardella, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Petitioner, Corinna Carlson, on behalf of her minor daughter, filed an unopposed motion for attorneys' fees and costs in the above-captioned matter on January 20, 2016. The motion states the attorneys' fees are $13,772.50, attorneys' costs are $2900.80, and that respondent does not oppose the application. The Court awards these amounts.

Ms. Carlson filed for compensation on July 18, 2014, alleging that P.C.B. was injured by the diphtheria-tetanus-acellur pertussis ("DTaP"), hepatitis B, polio (IPV), and rotavirus vaccines she received on July 18, 2011. After numerous motions for extension, and, finally, a subpoena, Ms. Carlson filed P.C.B.'s medical records in April 2015, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). Respondent filed her Rule 4 report in July 2015, recommending that P.C.B.'s claim be denied. Resp't Rep't at 11-12. Petitioner was afforded an opportunity to file an expert report supporting her claim, but was unable to find an appropriate medical expert.

On October 21, 2015, Ms. Carlson filed an unopposed motion to dismiss her petition. In support of her motion, Ms. Carlson stated that "an investigation of the facts

---

[1] The E-Government Act, 44 § 3501 (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

and science supporting this case has demonstrated to Petitioner that at this time she will be unable to prove that her child is entitled to compensation in the Vaccine Program." Ms. Carlson stated that to proceed further with her case would be "unreasonable, and would waste the resources of the Court, the Respondent, and the Vaccine Program." Pet'r Mot. at 1. Ms. Carlson's claim was dismissed for insufficient proof. Decision, filed Oct. 28, 2015.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, attempted to obtain an expert report, and moved for dismissal when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith, and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Carlson seeks a total of **$13,772.50** in attorneys' fees and **$2900.80** in costs for her counsel. Additionally, in compliance with General Order No. 9, Ms. Carlson states that she incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards a check made payable to petitioner and petitioner's attorney in the amount of **$16,673.30** for attorneys' fees and other litigation costs. The Court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.